IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E. Betters,<br><br>    Petitioner,<br><br>vs.<br><br>McWilliams, Warden; Attorney General of the State of Arizona,<br><br>    Respondents | No. CIV 06-0538-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Thomas E. Betters filed a petition for writ of habeas corpus on February 13, 2006, challenging his convictions for first degree murder and influencing a witness, and the trial court's imposition of consecutive prison terms. He contends in his federal petition that trial counsel was ineffective by not obtaining an expert to discredit the testimony of a witness regarding ballistics evidence. Respondents argue that Betters' petition is untimely. The Court agrees and recommends that Betters' petition be denied and dismissed with prejudice.

    Betters sought direct review; the court of appeals affirmed Betters' convictions and sentences in a memorandum decision dated August 22, 2000 (Doc. #9, Exh C). Betters did not seek review in the supreme court.[1]  The court of appeals issued a mandate on October

---

[1] In his reply, Betters states that appellate counsel failed to inform Betters that he had not filed a petition for review. He eventually obtained *pro bono* counsel, who successfully petitioned the court of appeals for an extension until April 1, 2002, to file his

1  4, 2000 (Doc. #12, attachment). The court of appeals vacated the mandate on February 28,
2  2002, extending the time for Betters to file a petition for review until April 1, 2002 (*Id.*). He
3  filed a Notice of Post-Conviction Relief on May 13, 2002; his counseled petition filed July
4  7, 2003 was summarily denied by the trial court on September 18, 2003, and relief was
5  denied by the court of appeals on February 27, 2005 (Doc. #9, Exh D, E, F).

6       Betters was required to file his federal petition within 1 year of the date the judgment
7  of conviction became final in state court. *See* 28 U.S.C. § 2244(d). Betters' case became final
8  on direct review on April 1, 2002, the date upon which the time for filing a petition for review
9  to the Arizona Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the
10 deadline for filing his federal petition was April 1, 2003. However, "the time during which
11 a properly filed application for post-conviction or other collateral review with respect to the
12 pertinent judgment or claim is pending shall not be counted toward any period of
13 limitation." *See* 2244(d)(2). The limitations period began to run on April 2, 2002, but was
14 tolled 41 days later, on May 13, 2002, when he filed his notice of post-conviction relief. *See*
15 *Isley v. Az. Dept. of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004). It was tolled until
16 February 27, 2005, the day relief was denied by the court of appeals. Betters filed his
17 petition 351 days later, on February 13, 2006.[2] The limitations period ran for a total of 392
18 days, or 27 days past the one-year statute of limitations.

---

petition for review.

[2] The petition was actually filed in the district court on February 22, 2006, but under the prison mailbox rule the petition is deemed filed on the date the petition is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

1   In addition, Betters is not entitled to equitable tolling. He has not shown
2 extraordinary circumstances beyond his control which made it impossible for him to timely
3 file. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).[3]

4   **IT IS THEREFORE RECOMMENDED** that Betters' Petition be **DENIED AND**
5 **DISMISSED WITH PREJUDICE** (Doc. #1).

6   This recommendation is not an order that is immediately appealable to the Ninth
7 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
8 Appellate Procedure, should not be filed until entry of the district court's judgment. The
9 parties shall have ten days from the date of service of a copy of this recommendation within
10 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72,
11 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
12 which to file a response to the objections. Failure timely to file objections to the Magistrate
13 Judge's Report and Recommendation may result in the acceptance of the Report and
14 Recommendation by the district court without further review. *See United States v. Reyna-*
15 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
16 determinations of the Magistrate Judge will be considered a waiver of a party's right to
17 appellate review of the findings of fact in an order or judgment entered pursuant to the
18 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

19   DATED this 29th day of August, 2006.

David K. Duncan
United States Magistrate Judge

---

[3]His appellate attorney's lack of diligence, as suggested by attachments filed with his Reply, does not aid Betters, as it occurred prior to the court of appeals' action in vacating the original mandate, and extending the time for him to file a petition for review.